IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID WEKESA, § | | |
| Petitioner, § | | |
| v. § | Civil Action No. 3:22-CV-2253-K-BH | |
| § | | |
| WARDEN, et al., § | | |
| Respondents. § | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation are the petitioner's *Writ of Habeas Corpus* and *Motion for a Temporary Restraining Order*, both filed October 6, 2022 (doc. 3, 4). Based on the relevant filings and applicable law, the petition should be **DISMISSED** as moot and the motion should be **DENIED** as moot.

### I. BACKGROUND

David Wekesa (Petitioner) entered the United States in 2001, on an F-1 student visa. (*See* doc. 3 at 1.)[2] In 2010, Immigration and Customs Enforcement (ICE) charged him with being subject to removal under § 237(a)(1)(C)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1226(c), for having failed to maintain or comply with the conditions of his student status. (*Id.*) On June 30, 2010, immigration authorities sent him a Notice to Appear, which informed him that he was subject to removal. (*See* doc. 8 at 3–5.)

While immigration proceedings were ongoing, Petitioner was convicted of sexual assault

---

[1] By *Special Order 3-251*, this habeas case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page number at the bottom of each filing.

and sentenced to three years imprisonment. (*Id*. at 11–12.) He was taken into ICE custody and detained under § 236(c) of the INA in June 2020; on June 13, 2020, an Immigration Judge (IJ) denied his request for bond after finding him subject to mandatory detention. (*Id*. at 13.) On August 25, 2021, the IJ issued a decision ordering Petitioner's removal. (*Id*. at 16–25.)

**B.     First Petition**

On July 13, 2021, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a motion for a temporary restraining order (TRO) seeking a bond hearing and release. *See Wekesa v. U.S. Att'y*, No. 6:21-CV-00046-C (N.D. Tex.), docs. 1, 2. He argued that his detention under 8 U.S.C. § 1226(c) without a bond hearing while removal proceedings were pending violated his due process rights. Concluding that Petitioner was not entitled to relief, the district court denied the petition by judgment entered on February 28, 2022. (*Id*., docs. 12, 13.) On November 22, 2022, the Fifth Circuit affirmed the judgment. *Wekesa v. United States Att'y*, No. 22-10260, 2022 WL 17175818 (5th Cir. 2022). Petitioner subsequently filed a petition for writ of *certiorari*, which remains pending. *See Wekesa v. United States Att'y*, No. 22-6710.

**C.     Second Petition**

While his appeal of his first petition was pending, on October 6, 2022, Petitioner filed his current § 2241 petition. (*See* doc. 3 at 1, 5–8.) He again alleged that his continued detention violated 8 U.S.C. § 1226(c) and his due process rights under the Fifth Amendment, citing *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*See id.*) He sought a TRO mandating his release or a bond hearing. (doc. 3 at 1, 15-16; doc. 4 at 1, 20-22.)

On November 11, 2022, the respondents filed their *Response in Opposition to Petitioner's Petition for Writ of Habeas Corpus*. (*See* doc. 7.) On February 27, 2023, they filed a *Notice of*

2

*Removal* with supporting documentation showing that Petitioner was removed from the United States on February 15, 2023. (*See* doc. 11.)

## II. MOOTNESS

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States v. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case or controversy becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . The parties must continue to have a "personal stake in the outcome" of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citations omitted).

"[T]o be eligible for habeas relief [under 28 U.S.C. § 2241], a petitioner must be 'in custody' and must have exhausted his available state remedies." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). A habeas petition "is not moot simply because a § 2241 petitioner is no longer in custody." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (per curiam) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969)). A habeas petition may be moot, however, "when the court cannot grant the relief requested by the moving party." *Id*. at 257 (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)); *see also Kokoski v. Fox*, No. 1:10cv777, 2012 WL 4321717, at *3 (E.D. Tex. Aug. 6, 2012) ("A case may become moot when an 'intervening factual event . . . causes the [petitioner] to no longer have a present right to be vindicated or a stake or interest in the outcome.'") (quoting *Dailey v. Vough Aircraft Co.*, 141 F.3d

224, 227 (5th Cir. 1998)).

Here, Petitioner claimed his prolonged detention without a bond hearing violated his due process rights. (*See* doc. 3 at 5–8.) In *Zadvydas*, the Supreme Court held that detention of an alien subject to a final order of removal is limited to a period reasonably necessary to bring about his removal from the United States, which is presumably six months, and that he must thereafter be released if "there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701. Petitioner only challenged the lawfulness of his continued detention. (*Id*. at 8–16.)

Because the respondents' evidence shows that Petitioner is no longer detained and has been removed from the United States, the § 2241 petition is moot. *See Francis v. Lynch*, 622 F. App'x 455, 455–56 (5th Cir. 2015) (challenge to length of detention awaiting removal became moot when the petitioner was removed); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (same). It should therefore be dismissed. The motion for TRO should also be denied as moot. *See Mohammed S. v. Tritten*, No. 20-CV-793 (NEB/ECW), 2020 WL 2750836, at *21 n. 15 (D. Minn. Apr. 28, 2020) (noting that a request for injunctive relief appeared moot if the petitioner had been removed) (citing *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005)), *report and recommendation adopted*, No. 20-CV-783 (NEB/ECW), 2020 WL 2750109 (D. Minn. May 27, 2020); *Singh v. Giles*, No. ED CV 19-01487-VBF-AGR, 2019 WL 11504857, at *2 (C.D. Cal. Nov. 8, 2019) (petitioner's removal mooted his application for a preliminary injunction).

## IV.  RECOMMENDATION

The petition for a writ of habeas corpus should be **DISMISSED** as moot, and the motion for a temporary restraining order should be **DENIED** as moot.

**SO RECOMMENDED** on this 4th day of April, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE